# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE CANDACE BROWN,

    Debtor,

CANDACE BROWN,

    Plaintiff,

v.

CORDOBA LEGAL GROUP, LLC,

    Defendant.

Bankruptcy Case Number
24-81027-CRJ-7

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Candace Brown ("Brown"), makes the following allegations in her complaint against the Defendant, Cordoba Legal Group, LLC ("Cordoba").

## PARTIES

1. Brown is the debtor in the above-referenced Chapter 7 bankruptcy case converted from a Chapter 13 bankruptcy on June 13, 2024. Brown's Chapter 13 bankruptcy case was commenced on May 31, 2024.

2. Cordoba is a limited liability company organized and existing under the laws of the state of Florida. At all times material to this complaint, Cordoba regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Brown did business with Cordoba within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Brown's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship

between Brown and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her Chapter 13 petition a list of creditors with their names and addresses. Contained in that list was Cordoba.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing to Cordoba via first class mail from the Bankruptcy Noticing Center on June 5, 2024. (See Exhibit 1 - BNC Certificate of Notice).

6. As a result of Cordoba being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her Chapter 13 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Brown's bankruptcy case.

7. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Brown's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Cordoba from attempting to collect from Brown any pre-petition obligation owed by Brown to Cordoba.

8. The Plaintiff asserts that despite having both notice and actual knowledge of Brown's bankruptcy case, and participating in a prior adversary proceeding, Cordoba placed multiple post-petition calls to Brown and left multiple voicemail messages in an attempt to collect a prepetition debt owed by Brown to Cordoba in violation of 11 U.S.C. §362(a)(6).

9. Brown brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the Debtor's bankruptcy case, and participating in a prior adversary proceeding, Cordoba placed multiple post-petition calls to Brown and left multiple voicemail messages. The Plaintiff asserts that the Defendant's actions constituted several attempts to collect a pre-petition obligation owed by Brown to Cordoba in violation of 11 U.S.C. §362(a)(6).

11. Cordoba placed eleven phone calls to Brown and left eleven voicemail messages on October 12th, October 14th, October 15th, October 16th, October 17th, October 18th, and October 21st of 2024. Each voicemail message stated: "Hello, this is Cordoba Legal Group giving you a call to let you know that your most recent payment has come back unpaid. It is very important that we speak to you as soon as possible to correct this issue and get you back on track to becoming debt free. Please give us a call back at 8889886815. Thank you." (See Exhibit 2 – Cordoba Voicemail Messages). The Plaintiff asserts that the calls and voicemail messages from Cordoba constituted multiple attempts to collect a prepetition debt owed by Brown to Cordoba in violation of 11 U.S.C. §362(a)(6).

12. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

13. Brown has sustained injury and damage as a result of the defendant's violations of the automatic stay. Under 11 U.S.C. §362(k)(1), Brown is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Cordoba for its willful and intentional violations of the automatic stay. The post-petition collection activity, after receiving notice of Brown's bankruptcy, and after participating in recent prior adversary proceeding, indicates that Cordoba does not have proper policies and procedures to avoid violating the automatic stay.

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

**WHEREFORE**, Brown asks this Court to enter an order:

(A) Awarding Brown compensatory damages against Cordoba including the reasonable attorney's fees and costs incurred by Brown in the preparation and prosecution of this adversary proceeding;

(B) Awarding Brown punitive damages against Cordoba for its willful and intentional violations of the automatic stay, such damages being intended to instill in Cordoba and other creditors due respect for this court and its orders and to deter them from taking similar action against Brown and similarly situated debtors in the future;

(C) Voiding the debt owed to Cordoba by Brown; and

(D) Granting Brown any additional or different relief this court deems appropriate.

Dated: 10/21/2024

Respectfully submitted,

/s/ *John C. Larsen*_____
John C. Larsen
Michael A. Wilkins
Counsel for the debtor/plaintiff,
Candace Brown

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com